**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARLENE SCHUMACHER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-8087 |
| | ) | |
| v. | ) | Hon. Sharon Johnson Coleman |
| | ) | |
| VILLAGE OF ALSIP, | ) | Mag. Judge M. David Weisman |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Marlene Schumacher, by and through her attorneys, serves upon Defendant, Village of Alsip, "Plaintiff's First Request for Production to Defendant" as follows.

**DEFINITIONS**

1.      The terms "Plaintiff" and "Schumacher" refer to Plaintiff Marlene Schumacher.

2.      The terms "Defendant," "Village of Alsip," "the Village," "you," and "your" refer to Defendant Village of Alsip, its officers, officials, agents, employees, and representatives.

3.      The term "person" means any natural person, partnership, association, joint venture, corporation, governmental agency, or any other organization or legal business entity, including any party to this litigation.

4.      The terms "document" or "documents" as used herein mean and include any written, graphic, computer, magnetically stored matter or communication or electronically stored information, however produced, reproduced or stored, and is intended to be comprehensive and include any and all agreements, records, correspondence, letters, telegrams, notes, memoranda, instructions, reports, financial statements, data, schedules, notices, work papers, drafts,

recordings, photographs, charts, analyses, inter-office communications, notebooks, diaries, daily logs, appointment calendars, sketches, drawings, video tapes, films, plans, specifications, blueprints, plats, diagrams, forms, manuals, brochures, lists, publications, minutes of meetings, journals, ledgers, or other financial records, invoices, work tickets, purchase orders, canceled checks, policies, procedures, protocols, regulations, webpage postings, and all other written or graphic materials of any nature whatsoever and any non-identical copies thereof.

5.      The phrase "all documents" is meant to include each and every non-identical copy of the particular item requested, but the phrase is not meant to include documents protected from disclosure by the attorney-client communications privilege or the attorney work product doctrine.

6.      The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary in order to encompass the broadest possible request.

7.      The term "communication" shall mean and include any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion face-to-face or by means of letter, note, memorandum, telephone, telex, telecopier, cable, email, text message, instant message, social media message or posting, or some other electronic or other medium, and whether by chance or prearranged, formal or informal.

8.      The term "draft" shall mean any earlier, preliminary, preparatory, or tentative version of all or part of a document, whether such draft was superseded by a later draft, and whether the terms of the draft are the same as or different from the terms of the final document.

9.      The term "MAP" shall mean the Metropolitan Alliance of Police Chapter #669.

10.      Unless otherwise specified, the time period for these requests is from January 1, 2017, to the present.

## INSTRUCTIONS

11.     Within thirty (30) days of service of these requests, please produce all materials responsive to these requests to the offices of Asher, Gittler & D'Alba, Ltd., 200 W. Jackson Blvd., Suite 720, Chicago, IL 60606. To the extent responsive materials can be produced electronically, please send such materials by electronic mail to Matt Pierce at mjp@ulaw.com.

12.     These requests are continuing in character so as to require you to produce any further responsive documents which you obtain or discover after your initial production and before trial. Fed. R. Civ. P. 26(e).

13.     All requested documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b)(2)(E).

14.     If any documents identified in response to these requests are in the possession of a third party, state the identity and location of the third party.

15.     If any documents requested were at one time in your possession, custody or control, but are no longer in your possession, custody or control, have ceased to exist or have been lost, please state for each such document: (a) the type of document; (b) the date upon which it left your possession, custody or control, ceased to exist or was lost; (c) the circumstances under which it left your possession, custody or control, ceased to exist or was lost; (d) the identity of all persons having knowledge of the circumstances under which it ceased to exist or was lost; (e) the identity of its last known custodian; and (f) the identity of all persons having knowledge of the contents thereof.

16.     Any document bearing on any page or side thereof any marks (including, for example, any initials, stamped indicia, comments or notation of any character) not part of the

original text or any reproduction thereof, is to be considered a separate document for purposes of responding to the following requests.

17.     Any electronically stored information ("ESI") shall be produced in a searchable and legible PDF format. With respect to any ESI that is not reasonably usable when converted to PDF format (including, without limitation, video files, audio files, spreadsheets, charts, graphs, or oversized documents), such ESI should be produced in its native file format.

18.     In general, metadata and system files need not be produced. To the extent Plaintiff seeks such data or files in connection with any request herein, the parties shall meet and confer regarding the scope of metadata or system files sought and the appropriate method of production.

19.     To the extent a response to a request herein requires production of discoverable electronic information contained in a database or substantially large server, the Parties shall meet and confer to determine the protocol for searching and producing responsive information from the database or server.

20.     If any electronic document produced in response to these requests is password protected, upon request, you shall use all reasonable efforts to provide the password, or to provide an unprotected version of the document, so that the document can be viewed in the same capacity as all other documents produced.

21.     Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i), you must produce responsive documents and ESI as they are kept in the usual course of business or you must organize and label documents and ESI to correspond to the categories in each request for production.

22.     Pursuant to Fed. R. Civ. P. 34(b)(2)(c), in the event that you assert an objection to any request for production, **you must state whether any responsive materials are being**

**withheld on the basis of that objection**. An objection to part of a request must specify the part and produce or permit inspection of the rest.

23.     In the event that you assert attorney-client privilege, work product doctrine, or any other privilege, as to any document or thing being requested herein, then as to each such document and thing subject to such assertion, you are requested to serve with your response to these requests a written list containing an identification of the document or thing, such identification to include the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the Court to make a determination in the event of a motion to compel and an indication of the basis for assertion of privilege or the like.

24.     In the event that you assert that any document or thing being requested herein contains information that is confidential, proprietary, personally identifiable information, or information which otherwise requires protection from public disclosure, you are requested to timely provide Plaintiff with proposed language for a narrowly-drafted agreed protective order to limit disclosure of such information outside of this litigation.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All documents identified or described in Defendant's answers to Plaintiff's First Interrogatories to Defendant.

**Response:**

**Request No. 2:** All documents identified or described in Defendant's Rule 26(a)(1)(A) initial disclosures.

**Response:**

**Request No. 3:** All relevant insurance policies identified or described in Defendant's Rule 26(a)(1)(A) initial disclosures.

**Response:**

**Request No. 4:** All documents created, reviewed, considered, or relied upon in whole or part by the Village in its decision to not offer the position of Full Time Records Technician – Traffic to Plaintiff and/or its decision to not consider Plaintiff's application for the position of Full Time Records Technician – Traffic.

**Response:**

**Request No. 5:** All communications between or amongst the Village, or between or amongst the Village and any third party, that discuss, refer or relate to its decision to not offer the position of Full Time Records Technician – Traffic to Plaintiff and/or its decision to not consider Plaintiff's application for the position of Full Time Records Technician – Traffic.

**Response:**

**Request No. 6:** All documents created, reviewed, considered, or relied upon in whole or part by the Village in its decision to not extend Plaintiff's employment through her 55th birthday and/or the decision to not waive Plaintiff into eligibility for the retiree health insurance benefits that would have been available to Plaintiff if she had retired at age 55.

**Response:**

**Request No. 7:** All communications between or amongst the Village, or between or amongst the Village and any third party, that discuss, refer or relate to its decision to not extend Plaintiff's employment through her 55th birthday and/or the decision to not waive Plaintiff into

eligibility for the retiree health insurance benefits that would have been available to Plaintiff if she had retired at age 55.

**Response:**

**Request No. 8:** All communications between or amongst the Village and MAP or any officer, agent, or representative of MAP, that discuss, refer or relate to Plaintiff's employment with the Village or Plaintiff's retiree health insurance benefits.

**Response:**

**Request No. 9:** All agendas, minutes, transcripts, notes, video recordings, audio recordings, or similar documents from any Village Board meeting or Village Committee meeting at which there was any discussion related to Plaintiff's employment status, Plaintiff's retiree health insurance benefits, the closure of the Village's 911 emergency dispatch center, and/or the Memorandum of Understanding ("MOU") between the Village and MAP regarding the 911 emergency dispatch center employees. This includes meetings open to the public as well as closed meetings/sessions.

**Response:**

**Request No. 10:** With respect to the position of Full Time Records Technician – Traffic that became vacant in 2017, all documents that reflect any description of job duties, qualifications, or any other terms or conditions of that position. This includes internal documents such as job descriptions or policies, as well as contracts, agreements, or understandings between the Village and a third party such as a labor union.

**Response:**

**Request No. 11:** With respect to the position of Full Time Records Technician – Traffic that became vacant in 2017, all documents reflecting the compensation for that position, including wages/salary and all benefits.

**Response:**

**Request No. 12:** With respect to the position of Full Time Records Technician – Traffic that became vacant in 2017, any job posting that was displayed in the Village's 911 dispatch center.

**Response:**

**Request No. 13:** With respect to the position of Full Time Records Technician – Traffic that became vacant in 2017, any job posting that was displayed anywhere on Village property other than in the Village's 911 dispatch center.

**Response:**

**Request No. 14:** All communications between or amongst the Village discussing, referring or relating to any job posting for the position of Full Time Records Technician – Traffic in the years 2016, 2017, or 2018.

**Response:**

**Request No. 15:** All formal or informal applications submitted to the Village in the years 2016, 2017, or 2018, for the position of Full Time Records Technician – Traffic, and any resumes, attachments, or other supporting documents submitted. This includes specifically any application or documentation submitted by Catherine Gonzalez.

**Response:**

**Request No. 16:**  All documents reflecting any interviews, including interview notes, scores or ratings, of any applicants for the position of Full Time Records Technician – Traffic that became vacant in 2017.

**Response:**

**Request No. 17:**  **A**ll communications between or amongst the Village, or between the Village and any applicant or other person considered, discussing, referring or relating to any applicant or person considered for the position of Full Time Records Technician – Traffic that became vacant in 2017.

**Response:**

**Request No. 18:**  Any job postings that were displayed anywhere on Village property for the position of secretary or assistant to the Village's Police Chief in the years 2016, 2017, or 2018, and all communications discussing, referring, or relating to any such posting.

**Response:**

**Request No. 19:**  All formal or informal applications submitted to the Village in the years 2016, 2017, or 2018, for the position of secretary or assistant to the Village's Police Chief, and any resumes, attachments, or other supporting documents submitted. This includes specifically any application or documentation submitted by Deborah Dalzell.

**Response:**

**Request No. 20:**  All documents referring or relating to any retiree health insurance benefits, including the costs of such benefits, provided to any former Village employee who retired or otherwise left their employment with the Village in the past 10 years before reaching the age of 55, including without limitation former Village Police Chief Christopher Radz.

**Response:**

**Request No. 21:** All of the Village's manuals, handbooks, policies, procedures, directives, guidelines, ordinances, pamphlets and other similar documents which evidence, refer or relate to the Village's compliance with state and federal equal employment opportunity laws, including specifically any such documents relating to discrimination based on age.

**Response:**

**Request No. 22:** All of the Village's manuals, handbooks, policies, procedures, contracts, agreements, directives, guidelines, ordinances, pamphlets and other similar documents which evidence, refer or relate to procedures or requirements for job postings, applications, and/or interviews for vacant positions within the Village.

**Response:**

**Request No. 23:** All of the Village's manuals, handbooks, policies, procedures, contracts, agreements, directives, guidelines, ordinances, pamphlets and other similar documents which evidence, refer or relate to the criteria used to select an applicant for a vacant position within the Village, including specifically any criteria or requirement related to the applicants' seniority or time of employment with the Village.

**Response:**

**Request No. 24:** All of the Village's manuals, handbooks, policies, procedures, directives, guidelines, ordinances, pamphlets and other similar documents which evidence, refer or relate to employee requests to extend their final employment date, including specifically any such documents relating to IMRF Benefit Protection Leave Forms 6.32.

**Response:**

**Request No. 25:** Any documents which identify the actions, decisions, or types/categories of actions or decisions by the Village which must be presented to, authorized by, and/or voted on by the Village Board or a Village Committee.

**Response:**

**Request No. 26:** Any and all documents and communications the Village sent to or received from the Illinois Department of Human Rights, the EEOC, or any other employment practices agency regarding Plaintiff's employment with the Village or her charge of discrimination.

**Response:**

**Request No. 27:** Any and all documents and communications the Village sent to or received from the Illinois Department of Employment Security ("IDES") regarding Plaintiff's employment with the Village, her application for unemployment insurance benefits, or any challenge or appeal of Plaintiff's application or award of unemployment insurance benefits.

**Response:**

**Request No. 28:** All communications between or amongst the Village referring or relating to Plaintiff's application to the Illinois Department of Employment Security ("IDES") for unemployment insurance benefits, or any challenge or appeal of Plaintiff's application or award of unemployment insurance benefits.

**Response:**

**Request No. 29:** For the Village's retiree health insurance plan, all documents reflecting the total dollar amount for monthly premiums, the premium rates paid by the Village, and the premium rates paid by retirees, effective at any time from December 1, 2018 to the present.

**Response:**

**Request No. 30:** Plaintiff's complete personnel file.

**Response:**

**Request No. 31:** The complete personnel file of Catherine Gonzalez.

**Response:**

Dated April 12, 2019.

Respectfully submitted,

/s/ Matt Pierce
Matt Pierce

Joel A. D'Alba
Matt Pierce
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Blvd., Suite 720
Chicago, IL 60606
(312) 263-1500 (phone)
(312) 263-1520 (fax)
jad@ulaw.com
mjp@ulaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that the foregoing document was served on all counsel of record via email on April 12, 2019, as follows:

Michael G. Cainkar
Elizabeth M. Attard
LOUIS F. CAINKAR, LTD.
30 North LaSalle Street, Suite 3430
Chicago, Illinois 60602-3333
mc@lfcltd.net
ea@lfcltd.net

*Attorneys for Defendant*

/s/ Matt Pierce
Matt Pierce