UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLENE SCHUMACHER, ) | |
| ) | Case No. 18-cv-8087 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| VILLAGE OF ALSIP, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marlene Schumacher brings this employment discrimination lawsuit against her former employer defendant Village of Alsip under the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621 *et seq*. Before the Court is Alsip's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the reasons explained below, the Court denies Alsip's motion.

**Background**

The following facts are undisputed unless otherwise noted. Schumacher was 54-years-old on the last day of her employment. At that time, she had spent more than 30 years working as a Radio Communications Officer ("RCO") or 911 dispatcher for Alsip. Pursuant to state statute, Alsip was required to consolidate its emergency dispatch center with another Illinois municipality, in this case, the Village of Oak Lawn. As a result of the consolidation, all of Alsip's full-time RCO positions were eliminated in April 2018.

Prior to the elimination of the RCO positions, in November 2017, Alsip's board authorized a job posting to fill the vacancy for the position of Traffic Records Clerk in the police department. This position was included in the bargaining unit governed by the Collective Bargaining Agreement ("CBA") between Alsip and AFSCME Council 31, Local 3053. Pursuant to the CBA, Alsip was

required to fill this vacancy "by selecting the most senior qualified bidder who timely applied for the position … unless a less senior bidder possesses demonstrably superior skill and ability required by the position." Alsip hired Catherine Gonzalez, who was 36-years-old, for the Traffic Records Clerk position. At summary judgment, Alsip explains that it hired Gonzalez because she was more qualified than Schumacher and that Schumacher did not file her application in a timely fashion.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Palmer v. Franz*, 928 F.3d 560, 563 (7th Cir. 2019). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

The ADEA protects workers who are 40 years of age and older from age-based employment discrimination. *See* 29 U.S.C. § 623(a)(1). Under the ADEA, a plaintiff must establish that her age was the but-for cause of her employer's adverse employment action. *Kleber v. CareFusion Corp.*, 914 F.3d 480, 486 (7th Cir. 2019) (en banc). At summary judgment, a plaintiff may carry this burden at by presenting direct or circumstantial evidence, or, in the alternative, she may proceed under the *McDonnell Douglas* burden-shifting method of proof. *Skiba v. Illinois Central R.R. Co.*, 884 F.3d 708, 719 (7th Cir. 2018). "However the plaintiff chooses to proceed, at the summary judgment stage the

court must consider all admissible evidence to decide whether a reasonable jury could find that the plaintiff suffered an adverse action *because of* her age." *Carson v. Lake Cty., Ind.,* 865 F.3d 526, 533 (7th Cir. 2017) (emphasis in original).

Under the *McDonnell Douglas* method, a prima facie case of discrimination in the failure-to-hire context requires a plaintiff to show: (1) she was a member of a protected class; (2) she applied for and was qualified for the open position; (3) she was rejected; and (4) the employer filled the position by hiring someone outside of the protected class. *Oliver v. Joint Logistics Managers, Inc.*, 893 F.3d 408, 413 (7th Cir. 2018). Once the plaintiff sets forth evidence raising a genuine issue of material fact as to her prima facie case, the burden shifts to the employer to proffer a non-discriminatory reason for its employment decision. *McDaniel v. Progress Rail Locomotive, Inc.,* 940 F.3d 360, 368 (7th Cir. 2019). The burden then shifts back to the employee to present evidence that the proffered reason for the employment decision is pretext for age discrimination. *Id.*

Although Alsip contends that there is no dispute that Schumacher fulfilled the first three elements of her prima facie case, it misstates the fourth element by adding that the employer must have filled the position with a less qualified person. By doing so, Alsip highlights the applicants' qualifications, which goes to one of Alsip's non-discriminatory reasons for its hiring decision, namely, that it hired Gonzalez because she was more qualified. Alsip also explains that it did not hire Schumacher because she failed to file her application in a timely manner, which is part of the second element of Schumacher's prima facie case. In short, Alsip's arguments merge the second and fourth prima facie elements with the pretext inquiry. *See, e.g., Vaughn v. Vilsack,* 715 F.3d 1001, 1007 (7th Cir. 2013). The Court thus turns to whether Alsip's reasons for its hiring decision was pretext for age discrimination.

Pretext is more than faulty reasoning or bad judgment; pretext is a lie or a phony reason. *Barnes v. Board of Trs. of Univ. of Ill.*, 946 F.3d 384, 389 (7th Cir. 2020). To establish pretext,

Schumacher must identify "weaknesses, implausibilities, inconsistencies, or contradictions" in Alsip's proffered reasons that a reasonable person would find unworthy of credence. *de Lima Silva v. Department of Corr.,* 917 F.3d 546, 561 (7th Cir. 2019) (citation omitted).

Schumacher first points to evidence in the record that Alsip deviated from the CBA's requirements for posting job openings, which resulted in her not filing her application on time. *Hanners v. Trent*, 674 F.3d 683, 694 (7th Cir. 2012) ("Significant, unexplained or systematic deviations from established policies or practices can no doubt be relative and probative circumstantial evidence of discriminatory intent."). To clarify, the CBA required that whenever a job vacancy occurs, the opening "shall be posted on *all* bulletin boards for five (5) working days." (emphasis added). Schumacher presents evidence that Alsip only posted the job opening on the bulletin board in the hallway outside of the police chief's office and that it was not posted for the required amount of days. She also sets forth evidence that she and another RCO never saw the job listing because they checked the bulletin boards where the RCOs and Traffic Records Clerks clocked in for the day, not the police chief's bulletin board. Gonzalez, on the other hand, learned about the job opening from the police chief's assistant. Viewing these facts and all reasonable inferences in Schumacher's favor, that Alsip did not comply with the CBA's job posting requirements suggests Alsip's reason for its hiring decision is unworthy of credence.

Furthermore, Alsip asserts that it hired Gonzalez for the Traffic Records Clerk position because she was more qualified than Schumacher. In support of its argument, Alsip provides the police chief's testimony that Gonzalez was a "far superior candidate" and a chart showing that Gonzalez received the same or higher scores in her performance reviews than Schumacher. That the police chief thought that Gonzalez was "far superior" and that Gonzalez had the same or higher performance scores compared to Schumacher is not necessarily implausible. What is suspect is the police chief's ad hoc explanation where it is undisputed that he did not consider Schumacher's

4

qualifications or compare them to Gonzalez before his hiring decision. *See Loudermilk v. Best Pallet Co.*, 636 F.3d 312, 315 (7th Cir. 2011) ("[A]n employer who advances a fishy reason takes the risk that disbelief of the reason will support an inference that it is a pretext for discrimination."). Also troubling is that Alsip did not rely on Gonzalez's superior qualifications as a reason for its employment decision in its position paper to the EEOC and merely mentioned Gonzalez's qualifications in its initial discovery disclosures while emphasizing that Schumacher's failure to file her application within the requisite time period was its non-discriminatory reason for its employment action. Alsip's shifting explanations support a reasonable inference in Schumacher's favor. *Donley v. Stryker Sales Corp.*, 906 F.3d 635, 638 (7th Cir. 2018) ("an employer's shifting factual accounts and explanations for an adverse employment decision can often support a reasonable inference that the facts are in dispute and that an employer's stated reason was not the real reason for its decision.").

Last, Schumacher presents evidence that had she remained employed by Alsip for a few more months until she turned 55, her health insurance retirement benefits would have vested with a substantially lower cost to her. Evidence in the record also indicates that she filed a benefit protection leave form with Alsip requesting an extension of her employment date that Alsip denied. Further, Schumacher's union submitted a proposal concerning her health insurance retirement benefit that Alsip also rejected.

Construing the evidence as a whole and all reasonable inferences in Schumacher's favor, she has set forth sufficient evidence creating a triable issue of fact that Alsip's employment decision was based on her age. *See Ortiz v. Werner Enter. Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) ("Evidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself.").

5

**Conclusion**

Based on the foregoing, the Court denies defendant's summary judgment motion [48]. The Court further denies defendant's motion to strike plaintiff's responses and plaintiff's motion to strike the new summary judgment evidence as moot. [57, 62].

IT IS SO ORDERED.

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 5/11/2020